UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

UNITED STATES OF AMERICA,

       -against-

VICTOR BOURNE,

                Defendant.

**ORDER**

**08-CR-888 (NGG)**

12-CV-2739(NGG)

-----------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On October 24, 2011, Defendant Victor Bourne was convicted by a jury of narcotics trafficking, conspiracy, and operating a continuing criminal enterprise. (See Special Verdict Sheet (Dkt. 275).) On October 10, 2012—prior to sentencing—Defendant filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 ("2241 Petition"). (2241 Pet. (Dkt. 338).) On October 16, 2012, the court most notably sentenced Defendant to life in prison. (Oct. 16, 2012, Minute Entry (Dkt. 340).) At sentencing, the court instructed counsel for Defendant to submit a memorandum of law in support of the pro se 2241 Petition. (See Mot. for Extension (Dkt. 343).)

On November 16, 2012, Defendant, acting pro se, moved to release the transcript of the grand jury proceedings that resulted in his indictment. (Mot. to Release Grand Jury Tr. (Dkt. 345).) Defendant argues that he needs access to the transcript to support his 2241 Petition. (See id. at 6-8.)

In his 2241 Petition, Defendant claims that the Government falsified evidence and elicited false testimony at the grand jury proceedings and at trial in violation of his Due Process rights. (See 2241 Pet. at 7-16.) In effect, Defendant does not challenge the execution of his sentence, but the legality of his detention, which is more appropriately the subject of a petition

1

for writ of habeas corpus filed under 28 U.S.C. § 2255. See Jackson v. Terrell, No. 11-CV-3068 (DLI), 2012 WL 213800, at *2 (E.D.N.Y. Jan. 24, 2012) ("Section 2241 is the means by which a prisoner may challenge the execution of his sentence . . . while Section 2255 is the proper vehicle by which a federal prisoner may challenge the legality of the imposition of a sentence." (citing Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir.2003)).

However, Defendant has appealed his conviction and sentence to the Second Circuit, and his appeal is currently pending. (See Notice of Appeal (Dkt. 339).) The Second Circuit has stated that it is generally preferable to "adjudicate direct appeals prior to, rather than after, collateral attacks." United States v. Vilar, 645 F.3d 543, 548 (2d Cir. 2011); see United States v. Dukes, 727 F.2d 34, 41 (2d Cir. 1994) ("[A] collateral attack is not a substitute for direct appeal and petitioners are therefore generally required to exhaust direct appeal before bringing a petition [under] § 2255."). Defendant's 2241 Petition is therefore DISMISSED without prejudice. Defendant may raise his arguments to the Second Circuit or re-file a petition for writ of habeas corpus after his appeal has been decided. And because Defendant requests to unseal grand jury transcripts to support his 2241 Petition, this motion is also DISMISSED without prejudice until his appeal is resolved.[1]

To the extent that the 2241 Petition may be read to challenge the conditions of his confinement, this court does not have jurisdiction to adjudicate these claims because Defendant is currently incarcerated at the United States Penitentiary in Atlanta, Georgia, which is located in

---

[1]  Because the court dismisses the petition without prejudice such that the restrictions on successive § 2255 petitions will not apply to a re-filed petition, Defendant need not indicate whether he consents to the court's interpretation of his 2241 Petition. Cf. Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998) ("[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."). Defendant is, of course, still free to withdraw the 2241 Petition entirely and, after his appeal is decided, re-file as he sees fit.

the Northern District of Georgia. See Fed. Bureau of Prisons, http://www.bop.gov/ (follow "Inmate Locator" hyperlink and enter Defendant's inmate number, "77410-053") (last visited December 18, 2012). It is well-established that petitions filed under § 2241 must be filed in the jurisdiction in which the defendant is incarcerated. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004) ("[F]or petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."). Accordingly, this portion of the 2241 Petition is DISMISSED without prejudice for lack of jurisdiction.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 20, 2012

NICHOLAS G. GARAUFIS
United States District Judge